UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BURDGE,<br><br>Plaintiff,<br><br>vs.<br><br>COLLEGE OF WESTERN IDAHO,<br><br>Defendant. | Case No. 1:15-cv-00251-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Plaintiff's Motion for Entry of Default Judgment (Dkt. 9), Plaintiff's Motion to Strike (Dkt. 15), and Defendant's Motion to Dismiss (Dkt. 12). The Court will address each Motion below.

**BACKGROUND**

Plaintiff Christopher Burdge is a veteran of the United States Navy. *Compl.* ¶ 1, Dkt. 1. In 2013, Burdge applied for education funding through the Veterans Retraining Assistance Program (VRAP). *Id.* ¶ 3. Burdge's VRAP application specified he sought to pursue the Power-Sports and Small Engine Repair Technology degree at the College of Western Idaho (CWI), though Burdge had not yet applied to CWI. *Id.* Burdge's VRAP application for that program was approved in June 2013. *Id.*

**MEMORANDUM DECISION AND ORDER - 1**

In July 2013, after his VRAP application had already been approved, Burdge applied to CWI. *Id.* ¶¶ 7-8. Burdge had several discussions with CWI employees in June and July 2013 before he applied to CWI. *Id.* ¶¶ 4-6. Those employees knew Burdge was seeking to participate in a VRAP program and worked with Burdge to ensure CWI's Power-Sports and Small Engine Repair Technology program was an approved VRAP program. *Id.* Later that month, CWI approved Burdge's application. *Id.* ¶¶ 7-8.

When attempting to register for two core classes in the Power-Sports and Small Engine Repair Technology program, Burdge learned the classes were full. *Id.* ¶ 9. In fact, the two core classes had been full since April 2013. *Id.* Burdge, concerned about remaining eligible for VRAP funding, immediately contacted CWI and arranged a meeting with Will Fanning, Dean of Professional Technical Education. *Id.* ¶ 11. Fanning informed Burdge that a waiting list of 11 students already existed for the two core classes. *Id.* ¶ 11. Fanning further informed Burdge that he would have to join that waiting list if he hoped to take the two core classes, despite the fact that Burdge would lose his VRAP funding if he could not take the two core classes. *Id.*

Burdge was ultimately unable to register for the two core classes. *Id.* ¶¶ 12-13. Accordingly, CWI could not certify that Burdge met VRAP's eligibility requirements, and Burdge lost his VRAP funding. *Id.* In July 2015, Burdge filed a pro se Complaint against CWI. He contends CWI violated his due process rights because he could not enroll in the two core classes necessary to retain his VRAP funding.

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

**1.      Burdge's Motion for Entry of Default Judgment**

Burdge argues that a default judgment should be entered in his favor because CWI defaulted by failing to plead or defend within 21 days from when Burdge served his Complaint. Entry of default is proper when a party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Only after a party has defaulted can a default judgment be entered under Fed. R. Civ. P. 55(b).

The Court finds that a default judgment should not be entered in Burdge's favor because CWI has not defaulted. Burdge served his Complaint on CWI on July 10, 2015. *Summons*, Dkt. 2. Though Burdge's summons (1) failed to provide his name and address and (2) was not directed at CWI, CWI did not contest Burdge's service under Fed. R. Fed R. Civ. P. 4(a). Instead, CWI promptly filed a waiver of service with the Court. *Waiver*, Dkt. 5. Since it waived service, CWI had until September 8, 2015 to respond to Burdge's Complaint. CWI timely responded on August 28, 2015 by filing a Motion to Dismiss. Accordingly, the Court will deny Burdge's Motion for Entry of Default Judgment.

**2.      Burdge's Motion to Strike**

Burdge seeks to strike CWI's Motion to Dismiss. He argues CWI's Motion to Dismiss contains impertinent, redundant, and scandalous material because CWI defaulted. Having found CWI did not default, the Court will deny Burdge's Motion to Strike as moot.

3.   **CWI's Motion to Dismiss**

   A.   **Legal Standard**

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, that "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the plaintiff pleads sufficient facts to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

Two "working principles" underlie the pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint stating a plausible claim for

relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, under Rule 12(b)(6), the Court may not consider any evidence outside the pleadings without converting the motion into one for summary judgment and giving the non-moving party an opportunity to respond. *See* Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Calif. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Pro se complaints are evaluated under the *Iqbal* and *Twombly* pleading standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). At the same time, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v.*

**MEMORANDUM DECISION AND ORDER - 5**

*Kerner*, 404 U.S. 519, 520 (1972). Pro se complaints must therefore be liberally construed, and pro se plaintiffs must receive the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

    **B.**    **Analysis**

Burdge brings claims under 42 U.S.C. § 1983 for deprivation of due process. Because Burdge does not specify whether he seeks to vindicate substantive or procedural due process rights, the Court will analyze both.

    **(1)**    **Substantive Due Process**

"The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). Under the Fourteenth Amendment's substantive due process prong, the "shocks the conscience" test is applied. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* at 848 n.8.

Taking Burdge's allegations as true, the Court finds his Complaint fails to state a claim for deprivation of substantive due process. Burdge has not alleged any facts that "may fairly be said to shock the contemporary conscience." *Id.* More specifically, CWI's refusal to enroll Burdge in two core classes that were already full is not "the most egregious official conduct . . . [and] arbitrary in the constitutional sense." *Id.* (internal quotation marks omitted). Thus, Burdge has not pleaded a substantive due process claim.

**MEMORANDUM DECISION AND ORDER - 6**

### (2) Procedural Due Process

To state a claim for deprivation of procedural due process, Burdge must establish he (1) possessed a constitutionally protected property interest, and (2) was denied that interest without adequate procedural protections. *See Lawson v. Umatilla Cnty.*, 139 F.3d 690, 691-92 (9th Cir. 1998). This Circuit has explained that, "[i]n some instances, a person can have a constitutionally protected property interest in a government benefit, such as a license or permit." *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1019 (9th Cir. 2011). But a person cannot simply unilaterally hope or expect to receive the benefit. "He must instead have a legitimate claim of entitlement to it." *Id.* (quoting *Bd. Of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

Here, Burdge has not demonstrated he possessed a property interest. Burdge argues he had a property interest in VRAP funding because he applied and was approved for VRAP. Burdge's argument overlooks that his initial receipt of VRAP funding remained conditional on his participation in a program meeting VRAP's requirements. *See* The Vow to Hire Heroes Act, Pub. L. No. 112-56, Title II, § 211(b), 125 Stat. 713. Indeed, Burdge had not yet applied to CWI when he applied and was approved for VRAP funding. That Burdge would have received VRAP funding if CWI had bypassed the 11 students on the wait list to enroll Burdge in the two core classes does not change the Court's analysis. As CWI argues, VRAP imposes no obligation on CWI, or any other educational institution, to admit VRAP students to any particular program or classes.

Burdge further contends he need not show he possessed a property interest since he alleges state law tort claims for negligence, gross negligence, and breach of fiduciary

**MEMORANDUM DECISION AND ORDER - 7**

duty. Burdge, however, has brought suit under § 1983, a cause of action requiring deprivation of a federal right. *See, e.g.*, *Maine v. Thiboutot*, 448 U.S. 1, 5-8 (1980). Thus, Burdge cannot raise state law claims against CWI under § 1983.

In sum, Burdge's Complaint fails to state a claim for deprivation of due process. Because it is possible that Burdge can cure the defects in his Complaint, the Court will dismiss the Complaint with leave to amend.

### ORDER

1. Plaintiff's Motion for Entry of Default Judgment (Dkt. 9) is **DENIED.**

2. Plaintiff's Motion to Strike (Dkt. 15) is **DENIED.**

3. Defendant's Motion to Dismiss (Dkt. 12) is **GRANTED.** Plaintiff may file an amended complaint on or before April 18, 2016. Failure to file an amended complaint will result in this action being dismissed with prejudice. Moreover, any amended complaint must address the deficiencies explained above or it will be subject to dismissal with prejudice.

DATED: March 17, 2016

B. Lynn Winmill
Chief Judge
United States District Court