UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BURDGE,<br><br>Plaintiff,<br><br>v.<br><br>COLLEGE OF WESTERN IDAHO,<br><br>Defendant. | Case No. 1:15-cv-00251-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before Defendant's Second Motion to Dismiss (Dkt. 24). The Court granted an earlier motion to dismiss by Defendant, but gave Burdge leave to amend. He filed his Amended Complaint, and College of Western Idaho ("CWI") now moves to dismiss that complaint. For the reasons discussed below, the Court will grant the motion.

## BACKGROUND

The background is set forth in detail in the Court's earlier Memorandum Decision and Order. The Court will restate them here for ease of reference, plus add the facts that have transpired since the Court issued its last opinion.

Burdge is a veteran of the United States Navy. *Compl.* ¶ 1, Dkt. 1. In 2013, he applied for education funding through the Veterans Retraining Assistance Program ("VRAP"). *Id.* ¶ 3. Burdge's VRAP application specified he sought to pursue the Power-Sports and Small Engine Repair Technology degree at CWI, though Burdge had not yet

applied to CWI. *Id.* Burdge's VRAP application for that program was approved in June 2013. *Id.*

In July 2013, after his VRAP application had already been approved, Burdge applied to CWI. *Id.* ¶¶ 7-8. Burdge had several discussions with CWI employees in June and July 2013 before he applied to CWI. *Id.* ¶¶ 4-6. Those employees knew Burdge was seeking to participate in a VRAP program and worked with him to ensure CWI's Power-Sports and Small Engine Repair Technology program was an approved VRAP program. *Id.* Later that month, CWI approved Burdge's application. *Id.* ¶¶ 7-8.

When attempting to register for two core classes in the Power-Sports and Small Engine Repair Technology program, Burdge learned the classes were full. *Id.* ¶ 9. In fact, the two core classes had been full since April 2013. *Id.* Burdge, was placed on a waiting list for the two core classes that already had 11 students waiting. *Id.* ¶ 11 In short, Burdge would have to join that waiting list if he hoped to take the two core classes, despite the fact that Burdge would lose his VRAP funding if he could not take the two core classes. *Id.*

Burdge was ultimately unable to register for the two core classes. *Id.* ¶¶ 12-13. Accordingly, CWI could not certify that Burdge met VRAP's eligibility requirements, and Burdge lost his VRAP funding. *Id.* In July 2015, Burdge filed a pro se Complaint against CWI. He argued that CWI violated his due process rights because he could not enroll in the two core classes necessary to retain his VRAP funding.

On March 17, 2016, this Court granted CWI's motion and dismissed the Complaint because "VRAP imposes no obligation on CWI, or any other educational institution, to admit VRAP students to any particular program or classes." Dkt. 22, p. 7. Additionally, the Court found that CWI's conduct in not allowing Burdge to bypass the other eleven students on the waiting list for the two core classes necessary for Burdge to qualify for the VRAP funding was not the kind of egregious and shocking conduct that could give rise to a deprivation of substantive due process. *Id*. At 6. Finally, the Court found that Burdge's allegations of state law tort claims for negligence, gross negligence, and breach of fiduciary could not be brought under 42 U.S.C. 1983 because the stautue requires the deprivation of a federal right. *Id.*at 7-8. The Court granted Burdge leave to amend his Complaint so he could attempt to address the deficiencies identified by the Court. *Id*. at 8. On April 4, 2016, Burdge filed his Amended Complaint. CWI then filed its motion to dismiss, which is now ripe for consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

Two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the tenant that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the

**MEMORANDUM DECISION AND ORDER - 4**

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

Federal Rule of Civil Procedure 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). They only possess power as authorized by the U.S. Constitution and federal statutes, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id*. A plaintiff bringing an action in federal court bears the burden of establishing that subject matter jurisdiction is proper. *Id*.

## ANALYSIS

1. **Motion to Dismiss**

In his Amended Complaint, Burdge acknowledges that "the VRAP Federal Law does not impose a Constitutional right under VRAP that can be imposed on CWI." *Plf. Br.*, p.4, Dkt. 23. Instead, he asserts "strictly a breach of fiduciary duty for gross negligence." Id. Thus, he has done nothing to cure the deficiencies in his federal claims for substantive or procedural due process. Essentially, Burdge admits he has no federal claim. Accordingly, to the degree the Amended Complaint re-asserts his earlier federal claims, the motion to dismiss is granted. And having already given Burdge an opportunity to amend his complaint, the Court will grant the motion with prejudice this time.

Additionally, by conceding his federal claims, or at least not curing the deficiencies outlined by the Court in its earlier decision, Burdge is left with only state law claims. As such, the Court lacks subject matter jurisdiction. Burdge alleges subject matter jurisdiction under 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331. But section 1343(a)(3) is inapplicable because it only applies to civil actions brought "[t]o redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). The Amended Complaint alleges no such violation.

And jurisdiction under 28 U.S.C. § 1331 only exists where the claim arises under a federal law. The only federal law identified by Burdge in the Amended Complaint is the VRAP, which does not create a private right of action. As explained in the Court's earlier order, VRAP imposes no obligation on CWI, or any other educational institution, to admit VRAP students to any particular program or classes. *Memorandum Decision and Order,* p. 7., Dkt. 22. Accordingly, the Court will grant the motion in its entirety, with prejudice.

## ORDER

IT IS ORDERED:

1. Defendant's Motion to Dismiss (Dkt. 24) is **GRANTED**.
2. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.



DATED: February 21, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 7**